■ PASQUALE GUIGLIANO et al., Respondents, v. STEVEN B. BASIRICO et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, alleged to have been sustained by plaintiffs by reason of the negligent operation of appellants' motor vehicle in striking the rear of the automobile in which plaintiffs were riding, when the latter automobile was stopped at a red traffic signal, the appeal is by defendants Basirico from an order of the Supreme Court, Nassau County, dated April 23, 1969, which granted plaintiffs' motion for summary judgment in favor of plaintiffs against said defendants and in favor of defendant Roganti against plaintiffs. Order modified, on the law, by limiting the granting of the motion so as to award summary judgment to defendant Roganti only, and denying the motion as to defendants Basirico; and action severed so as to permit prosecution against appellants separately. As so modified, order affirmed, with $10 costs and disbursements to appellants against plaintiffs. In our opinion, the record presents triable issues of fact which may not be resolved upon a motion for summary judgment (*Adler* v. *Smalley,* 14 A D 2d 790; *Frintzilas* v. *Scrivanos,* 13 A D 2d 981). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of MARIA C. GORSKIE et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding under section 618 of the Insurance Law for permission to commence an action against appellant, the appeal is from an order of the Supreme Court, Kings County, dated June 10, 1969, which granted the application. Order reversed, on the law and the facts, with $10 costs and disbursements, and application denied. Petitioners are entitled to the permission sought provided they are "qualified persons" within the meaning of the statute (Insurance Law, art. 17-A, § 618). Section 601 of the Insurance Law provides in part that a "'Qualified person' means (1) a resident of this state, other than an insured". The section also provides that an "'Insured' means a person defined as an insured under the coverage required by subsection two-a of section one hundred sixty-seven" of the Insurance Law. Since an "insured" is specifically excluded from the definition of "qualified person", the issue is whether petitioners are "insured persons" or rather "qualified persons". Petitioners were injured when the taxicab in which they were passengers was struck by a hit-and-run vehicle. At the time of the accident the wife of the taxicab driver owned still another automobile and was the holder of a liability insurance policy covering it. The policy contained the standard indorsement required by subdivision 2-a of section 167 of the Insurance Law. Under this indorsement an "insured" includes a person occupying any automobile which is operated by the named insured or her spouse. Here, petitioners were occupying an automobile driven by the insured's spouse and thus they are "insureds" within the aforesaid definition. Since they are "insureds" they cannot be "qualified persons" and therefore it was error to grant them permission to proceed against appellant (Insurance Law, § 618; see *Matter of Mackey* [*Allcity Ins. Co.*], 27 A D 2d 728). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.